**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : Civil Action No. 1:21-cv-10949 |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** |
| | : **SECTIONS 14(a) AND 20(a) OF THE** |
| PHILLIPS 66 PARTNERS LP, GREG C. | : **SECURITIES EXCHANGE ACT OF** |
| GARLAND, DAVID BAIRRINGTON, | : **1934** |
| MARK A. HANEY, ROBERT A. HERMAN, | : |
| C. DOUG JOHNSON, PAULA JOHNSON, | : **JURY TRIAL DEMANDED** |
| KEVIN J. MITCHELL, JOSEPH W. | : |
| O'TOOLE, and TIMOTHY D. ROBERTS, | : |
| | : |
| Defendants. | : |

---

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Phillips 66 Partners LP ("PSXP or the "Company") and the members PSXP's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between PSXP and Phillips 66 Partners GP LLC, Phillips 66, and their affiliates (collectively "Phillips 66").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on December 10, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company unitholders. The Registration Statement recommends that Company unitholders vote in favor of a proposed transaction whereby Phoenix Sub LLC, a jointly owned subsidiary of Phillips 66, will merge with and into PSXP with PSXP surviving as an indirect, wholly owned subsidiary of Phillips 66 (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each PSXP unitholder will receive 0.500 Phillips 66 shares (the "Merger Consideration").

3. As discussed below, Defendants have asked PSXP's unitholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the financial advisor of the Company's conflicts committee (the "Conflicts Committee"), Evercore Group L.L.C. ("Evercore"), in support of its fairness opinion.

4. It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's unitholders prior to the forthcoming unitholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to PSXP's unitholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because PSXP is traded on the New York Stock Exchange, headquartered in this District.

**PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of PSXP units and has held such units since prior to the wrongs complained of herein.

10. Individual Defendant Greg C. Garland has served as a member of the Board since March 2013 and is the Company's Chief Executive Officer and Chairman of the Board.

11. Individual Defendant David Bairrington has served as a member of the Board since August 2016.

12. Individual Defendant Jeffrey S. Goble has served as a member of the Board since February 2006.

13. Individual Defendant Mark A. Haney has served as a member of the Board since July 2013.

14. Individual Defendant Robert A. Herman has served as a member of the Board since June 2014.

15. Individual Defendant C. Doug Johnson has served as a member of the Board since October 2020.

16. Individual Defendant Paula Johnson has served as a member of the Board since October 2020.

17. Individual Defendant Kevin J. Mitchell has served as a member of the Board since January 2016.

18. Individual Defendant Joseph W. O'Toole has served as a member of the Board since July 2014.

19. Individual Defendant Timothy D. Roberts has served as a member of the Board since April 2016.

20. Defendant PSXP a Delaware limited partnership and maintains its principal offices at 2331 CityWest Boulevard, Houston, Texas 77042. The Company's unit trades on the New York Stock Exchange under the symbol "PSX."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Individual Defendants" or the "Board."

22. The defendants identified in paragraphs 10-20 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**A.    The Proposed Transaction**

23. PSXP operates as an energy manufacturing and logistics company. It operates through four segments: Midstream, Chemicals, Refining, and Marketing and Specialties (M&S). The Midstream segment transports crude oil and other feedstocks; delivers refined petroleum

products to market; provides terminaling and storage services for crude oil and refined petroleum products; transports, stores, fractionates, exports, and markets natural gas liquids; provides other fee-based processing services; and gathers, processes, transports, and markets natural gas. The Chemicals segment produces and markets ethylene and other olefin products; aromatics and styrenics products, such as benzene, cyclohexane, styrene, and polystyrene; and various specialty chemical products, including organosulfur chemicals, solvents, catalysts, and chemicals used in drilling and mining. The Refining segment refines crude oil and other feedstocks into petroleum products comprising gasolines, distillates, and aviation fuels at 13 refineries in the United States and Europe. The M&S segment purchases for resale and markets refined petroleum products consisting of gasolines, distillates, and aviation fuels primarily in the United States and Europe. It also manufactures and markets specialty products, such as base oils and lubricants. The company was founded in 1875 and is headquartered in Houston, Texas.

24. On October 27, 2021, the Company and Phillips 66 jointly announced the Proposed Transaction:

> HOUSTON--(BUSINESS WIRE)-- Phillips 66 (NYSE: PSX) and Phillips 66 Partners ("PSXP" or the "Partnership") (NYSE: PSXP) announced today that they have entered into a definitive agreement for Phillips 66 to acquire all of the publicly held common units representing limited partner interests in the Partnership not already owned by Phillips 66 and its affiliates.
>
> The agreement, expected to close in the first quarter of 2022, provides for an all-stock transaction in which each outstanding PSXP common unitholder would receive 0.50 shares of PSX common stock for each PSXP common unit. The Partnership's preferred units would be converted into common units at a premium

to the original issuance price prior to exchange for Phillips 66 common stock.

"We are announcing an agreement to acquire all outstanding units of Phillips 66 Partners," said Greg Garland, Chairman and CEO of Phillips 66. "We believe this acquisition will allow both PSX shareholders and PSXP unitholders to participate in the value creation of the combined entities, supported by the strong financial position of Phillips 66."

The transaction value of the units being acquired is approximately $3.4 billion based on Oct. 26, 2021 market closing prices of both companies. Upon closing, the Partnership will be a wholly owned subsidiary of Phillips 66 and will no longer be a publicly traded partnership. Phillips 66 Project Development Inc., a wholly owned subsidiary of Phillips 66 and the holder of a majority of the outstanding common units of the Partnership, has voted its units to approve the transaction.

Citi and BofA Securities, Inc. are acting as financial advisors to Phillips 66, and Latham & Watkins LLP is acting as Phillips 66's legal advisor.

The terms of the transaction were unanimously approved by the board of directors of the general partner of Phillips 66 Partners based on the unanimous approval and recommendation of its conflicts committee, comprised entirely of independent directors. The conflicts committee engaged Evercore as its financial advisor and Vinson & Elkins L.L.P. as its legal advisor

\* \* \*

25. The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that PSXP's unitholders are provided with the material information that has been

omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming unitholder vote.

B.     **The Materially Incomplete and Misleading Registration Statement**

26.    On December 10, 2021, PSXP and Phillips 66 jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's unitholders and solicits the unitholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's unitholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's unitholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

27.    The Registration Statement fails to provide material information concerning financial projections by management and relied upon by Evercore in its analyses. The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading. The Registration Statement indicates that in connection with the rendering of its fairness opinion, that the management prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and Evercore by management of Phillips 66 with forming a view about the stand-alone and pro forma valuations. Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that managements provided to the Board and their financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope

to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

28. For the Company Projections, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2021 through 2026: Adjusted EBITDA; Distributable Cash Flow, and Expansion Capital Expenditures and Investments, but fails to provide line items used to calculate these metrics or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

29. When a company discloses non-GAAP financial measures in a Registration Statement that were relied on by a board of directors to recommend that unitholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

30. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.

31. Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metrics included in the Registration Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

32. With respect to Evercore's *Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the DAPL Sensitivity scenario forecasts for the Company; (ii) the terminal values of PSXP; (iii) line items used to calculate the Company's projected cash flows; (iv) the inputs and assumptions underlying the use of the implied perpetuity growth rate of 0.00% to 1.00%; (v) the inputs and assumptions underlying the discount rates ranging from 6.0% to 7.0%; and (vi) the inputs and assumptions underlying the Adjusted EBITDA exit multiples of 8.0x to 10.0x.

33. With respect to Evercore's *Discounted Distributions Analysis*, the Registration Statement fails to disclose the inputs and assumptions underlying the use of a terminal yield range of 8.0% to 10.0%, a cost of equity of 7.0% to 9.0%, and a cost of equity of 9.0% to 11.0%.

34. With respect to Evercore's *Peer Group Trading Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Evercore in the analysis.

35. With respect to Evercore's *Precedent M&A Transactions Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Evercore in the analysis.

36. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special unitholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

37. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with unitholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

39. Defendants have issued the Registration Statement with the intention of soliciting unitholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's unitholders vote in favor of the Proposed Transaction.

40. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to unitholders although they could have done so without extraordinary effort.

41. Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

42. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of PSXP within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of PSXP, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of PSXP, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of PSXP, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

47. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the

Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

50. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.	Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.	Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 21, 2021	**MELWANI & CHAN LLP**

By:	*/s/ Gloria Kui Melwani*
Gloria Kui Melwani
1180 Avenue of the Americas, 8th Fl.
New York, NY 10036
Telephone: (212) 382-4620
Email: gloria@melwanichan.com